HARTZ, J., Circuit Judge, concurring:
I write separately to note that the law-of-the-case doctrine provides a potential alternative ground for affirming the sufficiency of the evidence on Eisenhour's equal-protection claim.
On Eisenhour's prior appeal to this court, we reversed the summary judgment against her on the equal-protection claim, holding that she had provided sufficient evidence to sustain the claim. Under the law-of-the-case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Brokers' Choice of Am., Inc. v. NBC Universal, Inc. , 861 F.3d 1081, 1099 (10th Cir. 2017) (internal quotation marks omitted). In particular, "[a]n appellate court decision on a particular issue, unless vacated or set aside, governs the issue during all later stages of the litigation in the district court and thereafter on any further appeal." Id .
Thus, our decision on the summary-judgment issue in the prior appeal could be the law of the case on the judgment-as-a-matter-of-law issue on this appeal. After all, the standard for both motions is whether a jury could infer the elements of the claim from the evidence presented. As the Supreme Court has stated, "[T]he standard for granting summary judgment mirrors the standard for judgment as a matter of law, such that the inquiry under each is the same." Reeves v. Sanderson Plumbing Products , Inc., 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (internal quotation marks omitted); see Roberts v. Jackson Hole Mountain Resort Corp. , 884 F.3d 967, 972 (10th Cir. 2018) ("Summary judgment is inappropriate ... if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." (internal quotation marks omitted));
*1283 In re Cox Enters., Inc. Set-Top Cable Television Box Antitrust Litig. , 871 F.3d 1093, 1096 (10th Cir. 2017) ("We may grant judgment as a matter of law only when ... 'the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue.' Fed. R. Civ. P. 50(a)(1).").
This does not mean, however, that a party who lost a motion for summary judgment can never be granted judgment as a matter of law on the same issue. The law-of-the-case doctrine is not an "inexorable command." Haynes Trane Serv. Agency, Inc. v. Am. Standard , Inc. , 573 F.3d 947, 956 (10th Cir. 2009) (internal quotation marks omitted). We have recognized "three exceptions: (1) when the evidence in a subsequent trial is substantially different; (2) when controlling authority has subsequently made a contrary decision of the law applicable to such issues; or (3) when the decision was clearly erroneous and would work a manifest injustice." Wessel v. City of Albuquerque, 463 F.3d 1138, 1143 (10th Cir.2006) (internal quotation marks omitted).
It appears to me that none of these exceptions would apply here. But the issue was not raised by Eisenhour. On future appeals in other cases, perhaps one of the parties will invoke this powerful doctrine.